Filed 6/17/14  Alvandi v. Tatavosian CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAREH ALVANDI, | B250064 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC055040) |
| v. | |
| ALBERT TATAVOSIAN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles, William D. Stewart, Judge.  Affirmed.

Law Offices of Peter A. Hosharian and Peter A. Hosharian for Plaintiff and Appellant.

Der-Parseghian Law Group and Mary Der-Parseghian for Defendants and Respondents.

_____

Plaintiff and appellant Dareh Alvandi appeals from a judgment following a bench trial in favor of daughter Ramona Tatavosian, son-in-law Albert Tatavosian, daughter Frida Balabegian, and son-in-law Melvin Balabegian in this elder abuse action.[1] Alvandi contends: (1) the trial court's finding of physical abuse in connection with issuing a restraining order precluded the defendants from relitigating the issue of physical abuse at trial; (2) the trial court's finding that Ramona did not physically abuse Alvandi is not supported by substantial evidence; (3) the trial court should not have considered the lack of testimony from a particular witness; and (4) the trial court abused its discretion by denying Alvandi's motion to amend to allege additional causes of action based on evidence at trial. We conclude Alvandi had failed to meet his burden on appeal and the record is inadequate to permit review, because it does not contain a reporter's transcript of the trial court proceedings. Because Alvandi failed to provide a record demonstrating error, we assume the trial court's findings are supported by substantial evidence. Therefore, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

According to the case summary, Alvandi filed a complaint on January 27, 2011, and an amended complaint on May 9, 2011. Neither complaint is part of the record on appeal. Alvandi apparently alleged causes of action for financial elder abuse and constructive trust against all four defendants, intentional infliction of emotional distress against Albert and Melvin, and causes of action solely against Ramona for neglect and physical elder abuse, breach of fiduciary duty, breach of oral contract and quiet title.

A bench trial began on October 10, 2012. After four days of proceedings, on December 3, 2012, Alvandi filed a motion to exclude any evidence that Ramona and Albert did not physically abuse him on a certain date. Alvandi argued that the issue of

---

[1] The parties who share the same last name will be referred to individually by their first names for ease of reference.

physical abuse had been litigated and decided in connection with a restraining order, and therefore, the doctrine of issue preclusion barred relitigation of the issue. Alvandi relied on the following comment by the trial court at the hearing on a restraining order: "It's pretty obvious to the court and the court does find that there was some kind of a tiff or fracas that involved and was directed at Mr. Alvandi."

The defendants opposed the motion on the ground that a restraining order under the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.) requires proof of abuse by a preponderance of the evidence, but an action for damages requires proof of abuse by clear and convincing evidence. The trial court's finding that a "tiff" occurred was not the same as finding physical abuse by one or both defendants by clear and convincing evidence.

The trial took place over an additional ten days. The trial court denied Alvandi's motion for issue preclusion because the issues in the restraining order were not identical to the issues at trial. The court acknowledged finding in connection with the restraining order that a tiff or a fracas had resulted in physical harm, pain or mental suffering under Welfare and Institutions Code section 15610.07. There was no issue preclusion, however, because the issue to be decided at trial was broader.

After Alvandi concluded the presentation of his evidence, the defendants moved for judgment under Code of Civil Procedure section 631.8. Alvandi filed an opposition to the motion for judgment on December 5, 2012. That same day, Alvandi filed a motion to amend the complaint to conform to proof to add a cause of action against Albert for physical elder abuse. The defendants opposed the motion, noting that Alvandi had failed to provide the proposed amendment and the proof supporting it. They argued Alvandi's delay in amending the complaint was unwarranted, because the facts of the incident had been known to Alvandi for more than two years. The trial court apparently granted the motion for judgment under Code of Civil Procedure section 631.8 as to the cause of action to quiet title only.

In the statement of decision, the trial court found Alvandi's testimony was not credible. The court found a third party real estate broker was the most credible witness to

3

the events in question and based on his testimony, the court found there was no physical attack on the date at issue. The trial court entered judgment in favor of the defendants on May 21, 2013. Alvandi filed a timely notice of appeal.

## DISCUSSION

Alvandi has failed to provide an adequate record on appeal or fairly present the evidence in accordance with the standard of review. Therefore, we must affirm the judgment.

"'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.)

We review the trial court's findings of fact in a statement of decision after a bench trial under the substantial evidence standard. (*Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 935.) The trial court's findings of fact will be upheld if there is substantial evidence to support them. (*Ibid*.) We view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor. (*Ibid*.) On appeal, Alvandi bears the burden of demonstrating that the record does not contain sufficient evidence to sustain the challenged finding of fact. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.)

Alvandi does not discuss the applicable standard of review and it is apparent from his brief that he misunderstands it. On appeal from a judgment following a bench trial, we do not consider whether there was sufficient evidence supporting the appellant's case; rather, our role is to determine whether substantial evidence supports the trial court's decision. As the appellant, Alvandi's burden on appeal is not to demonstrate the existence of evidence supporting his case, but "'to demonstrate that there is *no* substantial evidence to support the challenged findings.'" (*Foreman & Clark Corp. v. Fallon* (1971)

4

3 Cal.3d 875, 881.) It is the appellant's burden to identify and establish deficiencies in the evidence. (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.) "'A party who challenges the sufficiency of the evidence to support a particular finding must *summarize the evidence* on that point, *favorable and unfavorable,* and *show how and why it is insufficient.* [Citation.]' [Citation.] '[W]hen an appellant urges the insufficiency of the evidence to support the findings it is his duty to set forth a fair and adequate statement of the evidence which is claimed to be insufficient. He cannot shift this burden onto respondent, nor is a reviewing court required to undertake an independent examination of the record when appellant has shirked his responsibility in this respect.' [Citation.]" (*Ibid.*) Thus, appellants who challenge the decision of the trial court based upon the absence of substantial evidence to support it ""are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed waived." [Citations.]'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96-97 [same]; *Huong Que, Inc. v. Luu, supra,* 150 Cal.App.4th at pp. 409-410 ["An appellate court will consider the sufficiency of the evidence to support a given finding only after a party tenders such an issue together with a fair summary of the evidence bearing on the challenged finding, particularly including evidence that arguably *supports* it"].)

Alvandi has clearly failed to meet his burden on appeal. Rather than setting forth all the material evidence presented by the parties that arguably supports the trial court's findings, he mentions only evidence supporting his arguments, leaving it to respondents to set forth the evidence supporting the judgment in their favor. He has failed to provide citations to the record for evidence discussed in his brief. Because he has not set forth all the material evidence, he has not demonstrated the insufficiency of the evidence and for that reason alone we may treat his claims as waived.

In addition, "[i]t is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. [Citation.] Thus, an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record. If he fails

to do so, the argument is forfeited.  [Citation.]" (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324.)  "'[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

"The California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal.  The choices include a reporter's transcript, a clerk's transcript, an agreed statement and a settled statement.  (Cal. Rules of Court, rules 8.831, 8.832, 8.834, 8.836, 8.837.)" (*Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at p. 324.)

Without a reporter's transcript, we cannot review evidence presented on the issue of physical abuse to determine whether substantial evidence supports the trial court findings.  Alvandi failed to show the finding of physical abuse in connection with issuance of a restraining order was identical to the issue decided at trial.  In fact, the trial court that made the finding in issuing the restraining order clarified the finding did not meet the standard of proof necessary to determine the issue at trial.  Alvandi has not shown any abuse of discretion in denying his request to amend, because he has not cited evidence in the record to support his request or provided a reporter's transcript of the hearing on the issue.  We note that we do not reweigh the evidence on appeal, but rather, we review whether substantial evidence supports the trial court's findings.  In light of the deficiencies of appellant's brief and the absence of reporter's transcripts of the trial proceedings, the judgment is presumed correct and must be affirmed.

## DISPOSITION

The judgment is affirmed.  Respondents Ramona Tatavosian, Albert Tatavosian, Frida Balabegian, and Melvin Balabegian are awarded their costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


MINK, J.*

---

\*       Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.